IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICKEY WHITE,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 21-098-RAW ) |
| **EMILY VAN WORTH,** | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner, a pro se state prisoner who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, has filed this petition for a writ of mandamus (Dkt. 1), asking for a default judgment and monetary damages. The respondent is Emily Van Worth, the County Clerk of Choctaw County, Oklahoma.

In his unclear and confusing petition, Petitioner alleges he filed a state civil lawsuit against Ms. Van Worth in Choctaw County District Court Case No. CJ-2020-43, seeking $400,000 in monetary damages for alleged constitutional violations, including "deprived of human needs suffer & damager, emotion stress, pain hurt" (Dkt. 1 at 2). He claims the summons was issued by the Choctaw County Court Clerk's Office and was served on Ms. Van Worth on October 28, 2020 (Dkt. 1 at 1; Dkt. 1-1 at 3). Petitioner asserts Ms. Van Worth had 20 days to answer the civil action, however, no answer was timely filed.

The record shows that on December 1, 2020, the Choctaw County District Court entered an Order granting Ms. Van Worth's application for an extension to file an answer or other responsive pleading (Dkt. 1-1 at 4; Dkt. 1-1 at 16-18). According to the Oklahoma

State Courts Network website, Ms. Van Worth filed a motion to dismiss on December 18, 2020, and the Choctaw County District Court sustained the motion to dismiss on April 21, 2021.[1]

The Court has carefully reviewed the record and construes Petitioner's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

> 28 U.S.C. § 1361 grants district courts "original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States* or any agency thereof to perform a duty owed to the plaintiff." (emphasis added). Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials. *See Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986).

*Sockey v. Gray*, 159 F. App'x 821, 822 (10th Cir. 2005) (emphasis in original). Plaintiff has not alleged that Ms. Van Worth is a federal officer or employee.

**ACCORDINGLY**, Petitioner's petition for a writ of mandamus (Dkt. 1) is DENIED.,

**IT IS SO ORDERED** this 10th day of May 2021.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).